IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TASK LLC                               :

    v.                                :    Civil Action No. DKC 25-2158

ERIC CADE                              :

**MEMORANDUM OPINION**

Self-represented Defendant Eric Cade ("Defendant") removed this civil action from the Circuit Court for Prince George's County, Maryland to this court, citing federal question jurisdiction. (ECF No. 1). He describes the state court action as a "Wrongful Detainer on Appeal De Novo" and asserts that it raises a federal question. The attachment, which is supposed to be the state court complaint, consists only of an "Intracourt Case Transmittal" sheet from the District Court of Maryland for Prince George's County. (ECF No. 2).

Plaintiff Task LLC ("Plaintiff") moved to remand, arguing that no federal question is presented, making removal improper. (ECF No. 5). Defendant has not filed a response to Plaintiff's motion to remand and the time to do so has now expired. Removing defendant has also failed to respond to the court's standing order. (ECF No. 3) and the time to do so has also expired. For the following reasons, the motion to remand will be granted.

Plaintiff states that the state court action stems from its purchase of 404 Prairie Court, Upper Marlboro, Maryland ("the Property") at auction after a foreclosure action against Defendant. Plaintiff points out that the so-called Complaint, docketed at ECF No. 2 and titled "Intracourt Case Transmittal – CV," is not a complaint; rather, it is a form documenting the transmittal of Defendant's appeal from the District Court of Maryland for Prince George's County to the Circuit Court for Prince George's County, Maryland. Plaintiff explains that it secured judgment for possession of the property on June 28, 2024 (District Court of Maryland for Prince George's County, Case No. D-05-CV-24-027595) and, on July 1, 2024, Defendant filed an appeal to the Circuit Court for Prince George's County (Case No. C-16-CV-24-004190). During the pendency of the appeal, Defendant filed bankruptcy. The Bankruptcy Court issued an Order on February 6, 2025, finding that 1) the Property is not subject to an automatic stay, 2) Defendant had no interest in the Property, and 3) the Property is subject to a one-year period of equitable servitude such that any subsequent bankruptcy filing shall not impose an automatic stay nor obstruct Plaintiff's efforts "to pursue and obtain possession of the Property." (ECF No. 5-4). On February 18, 2025, the Circuit Court for Prince George's County,

Maryland issued an Order lifting the automatic stay and issuing a briefing schedule. Memoranda were filed and oral argument was scheduled July 11, 2025. Defendant removed the action to this court on July 3, 2025.

Plaintiff contends that removal is improper on several bases in addition to the lack of federal question removal jurisdiction. First, Plaintiff asserts that *res judicata* applies as there has been a final judgment on the merits in a prior suit. Second, federal courts generally do not interfere with ongoing state proceedings. Lastly, Plaintiff asserts that Defendant's removal, filed July 3, 2025, is not timely in that it was not filed within 30 days of service of the Complaint.

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004). "On a motion to remand, the court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court, indicative of the reluctance of federal courts to interfere with matters properly before a state court." *Wittstadt v. Reyes*,

3


113 F.Supp.3d 804, 806 (D.Md. 2015) (citing *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B)) (internal quotations omitted).

The removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question.").  In determining the propriety of

removal, courts generally look to the face of the underlying pleading. *See Jacob v. Hinds*, No. DKC 10-2103, 2010 WL 3782008, at *2 (D.Md. Sept. 23, 2010) (citing *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951)).

Defendant's assertion that federal question jurisdiction exists in the Notice of Removal is incorrect. Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

This case is an *in rem* wrongful detainer action arising under Maryland state law and involving real property located in Maryland. Although Defendant asserts federal question jurisdiction on the Civil Cover Sheet and in his Notice of Removal, "A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction . . ." *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985). See, *Shakil v. Boateng*, No. CV GLR-23-1167, 2023 WL 7194765, at *2 (D. Md. Nov. 1, 2023), appeal dismissed, No. 23-2181, 2024 WL 4784385 (4th Cir. Jan. 10, 2024)(*in rem* wrongful detainer action arising under Maryland state law,

5

involving property located in Maryland, does not present a federal question); *Williams v. Wells*, No. CV PWG-21-1003, 2021 WL 9749298, at *1 (D. Md. May 5, 2021)(wrongful detainer action does not raise a federal question.  *See* 28 U.S.C. § 1331.); *Fink v. Fink*, No. CV ELH-20-3019, 2020 WL 6784492, at *3 (D. Md. Nov. 17, 2020)("the wrongful detainer action filed in state court against C. Fink does not give rise to federal question subject-matter jurisdiction.  To the extent C. Fink believes federal claims were asserted or are implicated, they constitute a defense to the eviction action, and they may be raised in the context of the state court case.")

The purported Complaint is not within this court's original federal question jurisdiction and thus is not removable.  A separate order will be entered remanding this case to the Circuit Court for Prince George's County, Maryland.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge